

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed March 22, 2006                  **United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JACKIE KENNETH SPEARS AND | § | CASE NO. 04-50894-RLJ-7 |
| MAGGIE EDNA SPEARS, | § | |
| | § | |
| DEBTORS | § | |

### MEMORANDUM OPINION AND ORDER

**Introduction and Background**

AgTexas, PCA ("AgTexas") seeks reconsideration of the Court's order entered September 7, 2005, granting the objection of Floyd Holder ("Holder" or "the Trustee"), the chapter 7 trustee in this bankruptcy case, to AgTexas's proof of claim. The order, which was agreed to by AgTexas and Holder, states (i) that AgTexas filed a secured claim on January 18, 2005, in the amount of $563,896.64; (ii) that the claim was amended on July 13, 2005, to reflect an unsecured deficiency claim of $289,771.40; and (iii) that Holder, as trustee, has no assets in his possession that are encumbered by AgTexas's lien (the "Agreed Order"). The Agreed Order,

therefore, provides that AgTexas's claim is allowed as an unsecured claim in the amount of $289,771.40.

AgTexas's motion seeking reconsideration compliments the objection it filed to the Trustee's Final Report, Report of Proposed Distribution, and Application for Final Compensation (the "Final Report") filed in the case.[1]  AgTexas contends that Holder seeks to disburse $11,500 in funds to unsecured creditors, which funds, according to AgTexas, are encumbered by AgTexas's liens.  The motion to reconsider was filed January 19, 2006, approximately four months after the Agreed Order became final.  Relief is sought under Rule 60 of the Federal Rules of Civil Procedure as incorporated by Rule 9024 of the Rules of Bankruptcy Procedure.  AgTexas submits it entered into the Agreed Order through "inadvertence, miscommunication, misconception, and/or misunderstanding, which developed from communications with and from the Trustee regarding the Trustee's lack of possession of any collateral subject to the claims of AgTexas."  AgTexas states that it discovered the Trustee was holding encumbered funds after reviewing the Trustee's Final Report.

Holder disputes AgTexas's lien claim to any funds he is presently holding and thus opposes any relief from the Agreed Order.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  This Memorandum Opinion contains the Court's findings of fact and conclusions of law.  Bankruptcy Rule 7052.

---

[1] The named objecting party is "AgTexas Farm Credit  Services."  No explanation has been provided explaining the name difference.

Certain facts not in dispute underlie this dispute. Jackie Kenneth Spears and Maggie Edna Spears filed this chapter 7 bankruptcy case on August 12, 2004. At the time of the bankruptcy filing, AgTexas was a creditor asserting a secured claim of $563,896.64, secured by, among other things, a third priority deed of trust lien against real property consisting of the majority of section 473, Block D, John H. Gibson survey, Yoakum County, Texas, and the north one-half of section 517, Block D, John H. Gibson survey, Yoakum County, Texas.[2]

On November 2, 2004, AgTexas purchased the Yoakum County properties at a foreclosure sale held by the then second lienholder, LPP Mortgage, Ltd. Then, on December 10, 2004, AgTexas purchased a note and lien held by the first lienholder, First Ag Credit, FLCA, against the Yoakum County properties.

At some point after the Spears's bankruptcy case was filed, the various items of collateral securing the claims of AgTexas were liquidated, prompting Holder's objection to AgTexas's proof of claim, which, as mentioned, was filed as a secured claim for $563,896.64. The objection was resolved by the Agreed Order, which confirms AgTexas's unsecured claim of $289,771.40. AgTexas's claim is further evidenced by its amended proof of claim dated July 13, 2005, in such amount.

In August of 2005, Holder filed his application requesting authority to disburse $9,000 to AgTexas, such sum representing surface damage settlements collected as a result of activities on the Yoakum County properties. The $9,000 was collected by Holder in November and December of 2004, by which time AgTexas was the owner of the Yoakum County properties by virtue of its

---

[2]AgTexas also held a security interest in various items of personal property, including farm products, equipment, livestock, crops, government payments, accounts, and general intangibles.

purchase of the properties at the November 2, 2004, foreclosure sale held by the second lienholder. By order dated August 15, 2005, Holder was directed to disburse the $9,000 to AgTexas. Holder was then of the opinion that the bankruptcy estate held no other property subject of AgTexas's lien. By letter dated August 9, 2005, to Andy Aycock, attorney for AgTexas, Holder stated that once he paid over the $9,000 to AgTexas, he would "no longer have any of [AgTexas's] collateral."

The foregoing facts bring the Court to the circumstance concerning the funds that are subject of the dispute before the Court. In October of 2004, prior to the November 2, 2004, foreclosure sale, Holder collected the $11,500, the present amount in dispute. Holder submits that $1,000 of this amount represents rent collected from other real property in Plains, Texas, and thus has nothing to do with the Yoakum County properties. Of the remaining $10,500, Holder states that $9,000 represents a payment by an oil company to Holder, as surface owner of the Yoakum County properties, for the company's use of three drilling locations on the Yoakum County properties, and $1,500 represents a payment for the use of water off the properties. The activity giving rise to the payments occurred, according to Holder, after the bankruptcy case was filed. Holder argues that the disputed payments "could be characterized as rent."

The Court accepts AgTexas's explanation that it did not discover the $11,500 until it reviewed the Trustee's Final Report. Holder had previously represented to it, at the time the $9,000 distribution was made, that the bankruptcy estate held no other monies encumbered by AgTexas's liens. AgTexas submits that its lien, presumably those contained within the first lien position it purchased, encumbers the $11,500 (or, as per Holder, the $10,500).

**Discussion**

AgTexas seeks relief from the Agreed Order pursuant to Rule 60 of the Federal Rules of Civil Procedure, as incorporated by Rule 9024 of the Rules of Bankruptcy Procedure. The Court looks to subsection (b)(1) of Rule 60 which allows relief for reasons of mistake, inadvertence, surprise, or excusable neglect. One court has characterized the standard under Rule 60(b)(1) as a "nearly insurmountable hurdle." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). Another more recent case has stated that "[c]ourts apply Rule 60(b)(1) 'equitable and liberally . . . to achieve substantial justice.'" *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). A leading treatise describes the rule as "broadly phrased and many of the itemized grounds are overlapping, freeing courts to do justice in hard cases when the circumstances generally measure up to one or more of the itemized grounds." WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2852 (1995) citing *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965). Regardless of the stated standard, many cases hold that a motion for relief from judgment under Rule 60(b) is addressed to the sound discretion of the trial court. *See* WRIGHT & MILLER, *supra*, § 2857 and cases cited. The court may consider equitable principles and must attempt to balance the desire to achieve finality against the policy of resolving a dispute fully on the merits. *Id.*

The Court, therefore, turns to the particular facts and circumstances of the instant case. The Agreed Order is a final order. AgTexas, through counsel, consented to the Agreed Order based on his understanding that Holder, the Trustee, was holding no other funds or other property subject of AgTexas's lien. By his letter of August 9, 2005, when addressing AgTexas's right to the $9,000, Holder stated that "[u]pon disbursement of the [$9,000] I will no longer have any of your collateral." The Court cannot fault AgTexas for accepting Holder's representation. Holder,

while arguably in an adversarial position to AgTexas, is not a true adversary in the sense of a party litigant in a typical lawsuit. As trustee, Holder's primary duty is to the unsecured creditors, but he is also considered to be a fiduciary to secured creditors with a duty to exercise reasonable care as custodian of properties serving as collateral for secured claims. *See In re Thu Viet Dihn*, 80 B.R. 819 (Bankr. S. D. Miss. 1987). There is no reason for Holder to be anything less than candid and forthcoming to AgTexas. Holder told AgTexas's counsel that he was holding no other collateral because he thought that was in fact the case. Of perhaps greater significance to this Court is that the collegiality of the practice before this Court would be undermined if acceptance of definitive representations of bankruptcy trustees by counsel (and thus their clients) was characterized as ill-advised, inexcusable, or even negligent.

AgTexas sought relief after the Trustee filed his Final Report. Upon reviewing the Final Report, AgTexas realized that it may have made a mistake by previously conceding that its claim was entirely unsecured. Whether the $11,500 is subject to AgTexas's lien is an open question, but AgTexas has at least shown it has a colorable claim to the funds. While not conceding the point, Holder's arguments essentially admit that AgTexas *may* have a legitimate claim to the funds. In this regard, Holder made several arguments that go to the issue of whether AgTexas's lien against the funds is valid.[3] The Court will not address Holder's arguments as it resolves only AgTexas's motion for relief. Holder does contend that further delays would be prejudicial to unsecured creditors as they, according to Holder, "have had to wait an additional month for

---

[3]Holder argues (1) that under section 509(b)(2) of the Bankruptcy Code, AgTexas has no right of subrogation by virtue of acquiring the first lien against the Yoakum County properties; (2) that under section 552 of the Bankruptcy Code and the case of *In re Village Props., Ltd.*, 723 F.2d 441 (5th Cir. 1984), AgTexas failed to properly perfect its lien against the funds; (3) that AgTexas's lien is voidable under sections 549 and 550 of the Bankruptcy Code; and (4) that equity dictates AgTexas's lien be denied given the delay caused by its motion.

AgTexas, PCA to try to profit from its maneuver." As indicated, AgTexas filed its motion upon discovering that Holder may be still be holding funds subject of its lien. The motion was filed well within the one-year limitation imposed by Rule 60. The Court notes that Rule 9024, which incorporates Rule 60 in bankruptcy cases, specifically provides that a motion seeking reconsideration of an order allowing or disallowing a claim against the estate without a contest is not subject to the one-year limitation prescribed by Rule 60(b). Additionally, section 502(j) of the Bankruptcy Code states that a claim that has been allowed or disallowed may be reconsidered for cause. The Court detects a bias in both the rule and the statute in favor of resolving claims on their merits. Granting relief from the Agreed Order furthers this purpose and helps insure that AgTexas's substantive rights are duly considered.

     The Court certainly does not believe that Holder's statement in his August 9, 2005, letter was intended to mislead or trick AgTexas's counsel. By the same token, counsel's reliance on Holder's representation was reasonable. The assumption made by both Holder and AgTexas that Holder held no more collateral of AgTexas was inadvertent. It could also be characterized as a mutual mistake if AgTexas prevails and its lien is ultimately allowed against the funds. Such circumstance, coupled with the bias in both the rule and the Code to "get it right," demands reconsideration of the Trustee's objection to AgTexas's claim.

     In accordance with the foregoing, it is hereby ORDERED that the Agreed Order entered by the Court September 7, 2005, granting the Trustee's objection to AgTexas's proof of claim, is hereby set aside; it is further

     ORDERED that hearing on AgTexas's claim is set on April 18, 2006, at 1:30 P.M., before the bankruptcy court in Lubbock, Texas; it is further

ORDERED that consideration of the Final Report is abated pending further order of the Court.

### End of Memorandum Opinion and Order ###